IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 9676 ) |
| HERSHARE FINANCIAL CORPORATION, STATE BANK OF HERSCHER, SIMS BUSINESS ENTERPRISES LP, WAYNE K. SIMS, PROVEN PARTNERS MANUFACTURING, LLC, and KEVIN M. SIMS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

St. Paul Mercury Insurance Company ("Travelers") and Sims Business Enterprises LP, Wayne K. Sims, Proven Partners Manufacturing, LLC and Kevin M. Sims (collectively "Sims," treated for convenience as a singular noun) have filed dueling Fed. R. Civ. P. ("Rule") 16 motions seeking to determine whether a purported "notice of circumstances" letter provided by Hershare Financial Corporation and State Bank of Herscher (collectively "Hershare")[1] sufficed to trigger coverage under the insurance policy issued by Travelers to Hershare. For the reasons described in this memorandum opinion and order, Travelers' motion is granted and Sims' is denied.

## Rule 16 Issue-Narrowing Standard

Resolution of issues as a matter of law under the auspices of Rule 16, although most commonly addressed as an appropriate subject for a motion for partial or total summary

_____
[1] Hershare has not appeared in this litigation.

judgment under Rule 56, can obviously be a useful adjunct en route to the substantive disposition of a case -- and in some circumstances can itself prove to be substantively dispositive (just as a successful Rule 56 motion can be). Where as here an opinion's ensuing analysis finds and holds that Travelers is entitled to all of the declaratory relief that it seeks as a matter of law -- the equivalent of a successful motion for summary judgment -- it clearly makes sense to apply familiar Rule 56 principles to frame the legal analysis.

Those principles impose on a movant such as Travelers the burden of establishing the absence of any genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). For that purpose courts consider the evidentiary record in the light most favorable to nonmovants and draw all reasonable inferences in their favor (Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)). Courts "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts" in resolving such motions (Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003)). But a nonmovant must produce more than "a mere scintilla of evidence" to support the position that a genuine issue of material fact exists, and "must come forward with specific facts demonstrating that there is a genuine issue for trial" (Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008)).

## Factual Background[2]

After Sims sued Hershare (1) for assertedly concealing financial problems in the course of selling Sims subordinated debentures and (2) for later defaulting on those debentures, Hershare sought liability coverage from Travelers as its insurer (Stip. ¶¶ 25-30). That coverage was sought under a "claims-made" policy that limited coverage to claims made either during the

---

[2] Unless otherwise noted, these facts are gleaned from the parties' Joint Stipulation of Facts ("Stip.").

policy period or during a 12-month extended discovery period thereafter. And critically here, that policy also included a notice provision that extended coverage past the coverage period under limited circumstances (Stip. 15):

> If during the Policy Period, the Automatic Discovery Period or, if exercised, the Additional Extended Discovery Period, the Insureds become aware of circumstances which could give rise to a Claim for a Wrongful Act taking place before or during the Policy Period and give written notice of such circumstances and the other information referenced below to the Insurer during the Policy Period, the Automatic Discovery Period or, if exercised, the Additional Extended Discovery Period, then any Claims subsequently arising from such circumstances shall be considered to have been made during the Policy Year, the Automatic Discovery Period or, if exercised, the Additional Extended Discovery Period in which such notice of such circumstances and such other information was first given to the Insurer.
>
> The Insureds shall, as a condition precedent to exercising their rights under this Policy: (a) include within any notice of Claim or circumstance a description of the Claim or circumstances, the nature of the alleged Wrongful Act, the nature of the alleged or potential damage, the names of actual or potential claimants and Insureds involved, and the manner in which the Insureds first became aware of the Claim or circumstances; and (b) give to the Insurer such other information and cooperation as the Insurer may reasonably request.

It was that notice provision that Hershare sought to invoke in requesting coverage for the Sims lawsuit, for Hershare had sent Travelers a "notice of circumstances" letter before the expiration of the coverage period. Because this dispute ultimately turns on whether that letter adequately apprised Travelers of the circumstances surrounding Sims' later lawsuit, a detailed description of the letter's content is in order.

Hershare's letter informed Travelers that because the bank was subject to a consent decree and other regulatory actions related to its poor financial controls, claims against it might be brought by "regulators, shareholders of the Company and/or others" (Stip. Ex. 2 at 1). According to the letter, those claims were likely to allege "negligence, gross negligence, breach of fiduciary duty, and failure to act in good faith." And to underscore that point the letter then

- 3 -

provided specific examples of allegations that could be brought against Hershare related to the bank's lax risk-management practices (id. at 2-11).

Travelers responded to the letter by denying coverage on the ground that Hershare's claim was made outside of the coverage period (id. at 24). It then filed this action, seeking a declaration that despite Hershare's letter it owed no duty to defend or indemnify Hershare again Sims' allegations. This opinion now turns to the merits of Travelers' lawsuit.

## **Sufficiency or Insufficiency of Hershare's Notice Letter**

Geschke v. Air Force Ass'n, 425 F.3d 337, 342 (7th Cir. 2005) (internal citations and quotation marks omitted) has set out the basic ground rules for construing insurance contracts under Illinois law:

> In Illinois, an insurance policy is treated as any other contract and is subject to the same rules of construction. Policy language that is clear and unambiguous is accorded its plain, ordinary, and popular meaning. Ambiguities should be construed in favor of the insured. But a court should not search for an ambiguity where there is none.

As earlier quoted from Stip. ¶ 15, the insurance policy that Travelers issued to Hershare (Stip. Ex. 1) specified the information that a notice-of-circumstances letter must include to trigger coverage of a claim: (1) a description of the claim or circumstance; (2) the nature of the alleged wrongful act; (3) the nature of the alleged or potential damage; (4) the names of potential claimants and insureds involved; and (5) the manner in which the insureds first became aware of the circumstances.

But even a cursory comparison as between Hershare's March 2013 notice letter and Sims' 2-1/2-year-later lawsuit obviates the need to evaluate each of those requirements in depth. As detailed earlier in this opinion, Hershare's letter (Stip. Ex. 2) warned that the bank's weak lending controls and regulatory problems could result in claims by regulators or shareholders sounding in

negligence, breach of fiduciary duty or failure to act in good faith (id.). In total contrast the considerably later Sims lawsuit (Stip. Ex. 3) -- though divided into nine "counts" -- essentially advanced two claims for relief: (1) that Hershare made misrepresentations about its financial stability in the course of marketing and selling its debentures and (2) that Hershare failed to pay interest timely on those debentures. Hershare's earlier letter had made no mention at all of the bank's creditors or of the possibility that those creditors could bring misrepresentation or breach of contract claims.

It is thus unsurprising that Hershare's letter flunks each of the unambiguous notice requirements called for by the Travelers policy. That letter described neither Sims' claims against Hershare (misrepresentation and breach of contract) nor Hershare's alleged wrongful acts in concealing financial improprieties and defaulting on its obligations, so that it necessarily failed to describe the damages that could result from those misdeeds. As to whether the letter named potential claimants, it identified "shareholders" and "regulators" but contained no reference at all to Sims or even to creditors generally. And driving the final nail into the coffin that inters Sims' motion, Hershare could not have met -- and it unquestionably did not meet -- the policy requirement that it inform Travelers of how it became aware of Sims' claims when it did not even identify those claims (or Sims for that matter).

Over and above those particularized deficiencies, which of themselves flat-out defeat Sims' effort to bring itself retroactively within the time limit imposed by the Travelers policy, it must be added finally that the position advanced by Sims -- essentially that Hershare's letter placed Travelers on the hook for <u>any</u> claim brought by <u>any</u> party if that claim related to the bank's financial instability -- would defeat the very purpose of claims-made policies. As

explained by Aetna Cas. & Sur. Co. of Ill. v. Allsteel, Inc., 304 Ill. App. 3d 34, 40, 709 N.E.2d 680, 685 (1st Dist. 1999) (citation omitted):

> A claims made policy provides that the risk insured is the claim brought by a third party against the insured, not the occurrence itself. The purpose of a claims made policy is to allow the insurance company to easily identify risks, allowing it to know in advance the extent of its claims exposure and compute its premiums with greater certainty.

Here Travelers plainly was in no position to identify -- let alone to indemnify against -- every possible claim that could arise from Hershare's many financial troubles. In sum, Travelers cannot be regarded as having been on notice of claims and claimants that appeared nowhere in Hershare's letter, not only because of the letter's failure to provide the elements required to bring the policy's limitation-extending provision into play but also because Sims' position would flout the basic purpose of that provision.

## Conclusion

Here, except for the standard boilerplate that rarely expands on a successful plaintiff's entitlement,[3] is the entirety of Travelers' prayer for relief in its Complaint in this action, asking that this Court:

1. Declare that there is no coverage under the Policy for the Sims Lawsuit because it is not a Claim first made during the Policy Period, Automatic Discovery Period, or Additional Extended Discovery Period for the Policy;

---

[3] That exception requests this Court to "[g]rant such other relief as the Court may deem just and proper." No such "other relief" is called for here.

2. Declare that St. Paul Mercury Insurance Company has no obligation to defend, or advance defense costs to, Hershare or the Bank in connection with the Sims Lawsuit;

3. Declare that St. Paul Mercury Insurance Company has no obligation to indemnify Hershare or the Bank in connection with the Sims Lawsuit; and

4. Declare that St. Paul Mercury Insurance Company has no obligation to pay for Loss in connection with the Sims Lawsuit.

This opinion has established that as a matter of law St. Paul Mercury Insurance Company (referred to by the parties and in this opinion as "Travelers" for convenience) is entitled to all of those declarations, and it so orders. This is a final judgment that grants Travelers' Dkt. No. 38 motion, denies Sims' Dkt. No. 40 motion and terminates this action in Travelers' favor.

							_____
							Milton I. Shadur
							Senior United States District Judge

Date:  June 13, 2016